**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jason Howard Elder, | ) | No. CV 12-8174-PCT-RCB (LOA) |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | |
| | ) | |
| Patrick Michael Fish, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

        Plaintiff Jason Howard Elder, who is confined in the Mohave County Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court will order Defendant to answer the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

        Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

## II.       Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

///

**III.    Complaint**

The Complaint raises a single claim for violation of the Fourth Amendment by Defendant Detention Officer Michael Fish.  Plaintiff alleges that Fish used excessive force to subdue Plaintiff by unnecessarily physically assaulting him and punching him in the face and causing a gash on Plaintiff's eye.   Plaintiff seeks damages.

Plaintiff adequately states a claim of excessive force, and the Court will direct Defendant to answer.

**IV.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

1   comply with any order of the Court).

2   **IT IS ORDERED:**

3       (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

4       (2)    As required by the accompanying Order to the appropriate government agency,

5   Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

6       (3)    The Clerk of Court must send Plaintiff a service packet including the

7   Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

8   Defendant Fish.

9       (4)    Plaintiff must complete and return the service packet to the Clerk of Court

10   within 21 days of the date of filing of this Order.  The United States Marshal will not provide

11   service of process if Plaintiff fails to comply with this Order.

12       (5)    If Plaintiff does not either obtain a waiver of service of the summons or

13   complete service of the Summons and Complaint on Defendant within 120 days of the filing

14   of the Complaint or within 60 days of the filing of this Order, whichever is later, the action

15   may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

16       (6)    The United States Marshal must retain the Summons, a copy of the Complaint,

17   and a copy of this Order for future use.

18       (7)    The United States Marshal must notify Defendant of the commencement of this

19   action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

20   Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The**

21   **Marshal must immediately file signed waivers of service of the summons.  If a waiver**

22   **of service of summons is returned as undeliverable or is not returned by Defendant**

23   **within 30 days from the date the request for waiver was sent by the Marshal, the**

24   **Marshal must**:

25       (a)   personally serve copies of the Summons, Complaint, and this Order upon

26   Defendant pursuant to  Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

27       (b)   within 10 days after personal service is effected, file the return of service

28   for Defendant, along with evidence of the attempt to secure a waiver of service of the

summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)     **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)     Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 17th day of September, 2012.

_____
Robert C. Broomfield
Senior United States District Judge