**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jason Howard Elder, | ) | No. CV-12-8174-PCT-RCB (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Patrick Michael Fish, | ) | |
| Defendant. | ) | |

  This matter is before the Court on the Court's own review of the file. On October 22, 2012, the Court issued an Order to Show Cause why Plaintiff's claims should not be dismissed for failure to prosecute. (Doc. 7) Plaintiff was also given until November 9, 2012 in which to show cause why his case should not be dismissed for failure to return the service packet to the United States Marshal Service. (*Id.*) Plaintiff has done nothing in response. On October 30, 2012, Plaintiff's mail from the Court was returned as "attempted-not known. Unable to Forward." (Doc. 8)

  The Court has given Plaintiff sufficient time to check the Court's docket, respond to the Order to Show Cause, and provide the Court with an updated address. Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). It is the duty of any *pro se* plaintiff or attorney representing a party to keep the Court apprised of his or her current address and comply with the Court's orders in a timely fashion. *See* Local Rule 83.3(d) ("LRCiv") ("An

attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. . . ."). A court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court or Clerk of Court informed of his new address constitutes a failure to prosecute. *Membrillo-Cid v. Arpaio*, 2008 WL 619166, at *1 (D. Ariz. March 3, 2008); *Florendo v. Arpaio*, 2006 WL 2615870, at *2 (D. Ariz. Sept. 12, 2006).

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash R.R Co.,* 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor

1  requires the Court to consider whether a less drastic alternative is available. Without
2  Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in
3  *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing
4  sanctions would only find itself taking a round trip tour through the United States mail."
5  *Carey,* 856 F.2d at 1441.

6  The Court finds that only one less drastic sanction is realistically available. Rule 41(b)
7  provides that a dismissal for failure to prosecute operates as an adjudication upon the merits
8  "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the
9  Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and
10 this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
11 Federal Rules of Civil Procedure.

12 Accordingly,

13 **IT IS ORDERED** that Plaintiff's Prisoner Civil Rights Complaint, raising a single
14 claim for relief against Defendant Fish, is dismissed for failure to prosecute pursuant to Rule
15 41(b), Federal Rules of Civil Procedure, without prejudice. The Clerk of Court shall enter
16 judgment accordingly.

17 Dated this 21st day of December, 2012.

_____
Robert C. Broomfield
Senior United States District Judge